STATE OF CONNECTICUT *v.* THOMAS CUSHMAN
(6629)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 7—decision released November 29, 1988

*Stephen Fournier,* special public defender, for the appellant (defendant).

*John O'Meara,* deputy assistant state's attorney, with whom, on the brief, was *Eugene Callahan,* state's attorney, for the appellee (state).

PER CURIAM. The sole issue of this appeal is whether the trial court erred in refusing to instruct the jury on renunciation of criminal purpose in connection with the charge of attempt to commit robbery. The defendant was found guilty, by a jury, of burglary in the third degree, unlawful restraint in the second degree, and attempted robbery in the third degree.

The jury could reasonably have found certain relevant facts. The victim, upon hearing noises while she was upstairs in her home, went downstairs to investigate, leaving her twenty month old daughter asleep in a nursery on the second floor. The defendant, a stranger to her, was downstairs. She ran upstairs to the nursery and the defendant followed. He tied her hands behind her back with an article of the baby's clothing, and forced her into the master bedroom. She untied her hands and he tried to tie them again with a strap he found in the bedroom. He tried to pull her rings from her fingers and asked for money. She escaped from him and ran back to the nursery. There she struggled with the defendant and kicked him in the groin. He fell to

his knees, and then she kicked and pushed him toward the stairs, causing him to fall down the stairs. He then ran out of the house.

The defendant relied on General Statutes § 53a-49 (c) in his written request to charge, and sought a charge which basically tracked the language of the statute, claiming that "he abandoned his effort to commit the crime . . . under circumstances manifesting a complete and voluntary renunciation of his criminal purpose." The facts do not indicate that there was a voluntary renunciation of a criminal purpose. General Statutes § 53a-50.

There is no error.